```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOSEPH MELANCON                                    CIVIL ACTION

VERSUS                                             NO. 08-5005

NEW ORLEANS POLICE DEPT.                           SECTION "S"(5)
```

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), §1915e(2) and §1915A, and as applicable, 42 U.S.C. §1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.   FACTUAL SUMMARY**

The plaintiff, Joseph Melancon, is incarcerated in the Orleans Parish Prison system ("OPP"). Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, he filed this pro se and in forma pauperis complaint against the defendants, the New Orleans Police Department ("NOPD") and Orleans Parish Criminal Sheriff Marlin Gusman.

Melancon alleges in the complaint that, during his arrest on September 25, 2008, he was beaten by two Caucasian officers. He also alleges that the officers used racial slurs and arrested him without reading him his rights. He further claims that the driver of the police unit planted drugs on him and caused him to be charged with possession of drug paraphernalia. He also alleges that the arresting officers coerced the woman he was with to say that her drug paraphernalia belonged to Melancon. The plaintiff further claims that he was taken into the custody of the Orleans Parish Sheriff's Department, placed in a cell, and did not see a doctor for two and one-half weeks.

Melancon seeks $1000 in monetary compensation for each day he has been in jail and for violation of his civil rights for false arrest, abuse, and physical injuries. He also wants pain medication and seeks damages for the negligence of the sheriff's department for placing him in jail without medical attention.

## II.   STANDARDS OF REVIEW

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d

318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.

### III. CLAIMS AGAINST THE NEW ORLEANS POLICE DEPARTMENT

Melancon names as a defendant the New Orleans Police Department.  Any §1983 claims urged against this entity are frivolous and otherwise fail to state a claim for which relief can be granted.

Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law.  42 U.S.C. §1983; see Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).  For the following reasons, NOPD is not a legal entity or "person" capable of being sued.  See Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of

the state in which the district court is held." See Fed. R. Civ. P. 17(b). According to Fed. R. Civ. P. 17(b), Louisiana law governs whether the NOPD is a suable entity. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

The State of Louisiana grants no such legal status to any law enforcement office or department. See Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Dept., 350 So.2d 236 (La. App. 3d Cir. 1977). The federal courts have also recognized that city police departments are not suable entities or proper defendants under §1983. See Montoya v. Taylor, 44 F.3d 1005 n.1 (5th Cir. 1995) (citing Darby v. Pasadena Police Dept., 939 F.2d 311, 313-14 (5th Cir. 1991)); Tracie v. Foster, No. 07-5754, 2008 WL 1834466 (E.D. La. Apr. 23, 2008) (Lemmon, J.); Banks v. U.S., No. 05-6853, 2007 WL 1030326 at *11 (E.D. La. 2007) (Report and Recommendation adopted); see also, Knight v. Colens, No. 06-CV-4538, 2006 WL 2849774 at *5 (E.D. La. Oct. 3, 2006) (Report and Recommendation adopted). The claims against the NOPD must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

**IV.   CLAIMS AGAINST SHERIFF GUSMAN**

Melancon named Sheriff Gusman as a defendant in connection with his "negligent" placement in OPP without medical treatment for the alleged injuries he received during his arrest.  These claims are frivolous.

Melancon was a new arrestee, or pretrial detainee, at the time of the events in question.  Regardless of whether an inmate is a pretrial detainee or a convicted prisoner, however, the standard of liability is the same for episodic acts or omissions of jail officials of the type alleged in this case.  Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999); Hamilton v. Lyons, 74 F.3d 99, 104 n.3 (5th Cir. 1996); Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996).

In Hare, the United States Fifth Circuit Court of Appeals held that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs and that a jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to the inmate but responded with deliberate indifference to that risk.  Hare, 74 F.3d at 641-42, 646.  The phrase "deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to

abate it." <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994). This standard applies to claims of inadequate jail conditions, including inadequate medical care. <u>See</u> <u>Hare</u>, 74 F.3d at 650.

However, proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on a claim for damages under §1983. A state actor may be liable under §1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." <u>Douthit v. Jones</u>, 641 F.2d 345 (5th Cir. 1981); <u>see also</u> <u>Watson v. Interstate Fire & Casualty Co.</u>, 611 F.2d 120 (5th Cir. 1980). Therefore, §1983 does not provide for a supervisory official, like Sheriff Gusman, to be held vicariously liable or liable under a theory of <u>respondeat</u> <u>superior</u> simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. <u>See</u> <u>Alton v. Texas A&M University</u>, 168 F.3d 196, 200 (5th Cir. 1999); <u>see also</u> <u>Baskin v. Parker</u>, 602 F.2d 1205, 1220 (5th Cir. 1979).

In this case, Melancon has not alleged that Sheriff Gusman was personally involved in the acts about which he complains or the conditions of his confinement. He also has not alleged that Sheriff Gusman was personally involved in the failure to obtain medical care for him before he was placed in a cell at OPP.

Instead, Melancon claims that personnel in the sheriff's office acted negligently in placing him in a cell without medical care.  Sheriff Gusman can not be held liable under §1983 for the acts of his employees.  Furthermore, acts of negligence do not implicate the Due Process Clause or violate the Eighth Amendment to give rise to a claim under §1983.  See Daniels v. Williams, 474 U.S. 327, 328 (1986); see also Davidson v. Cannon, 474 U.S. 344 (1986); Hare, 74 F.3d at 641-42, 646.  In addition, claims of delayed medical attention alone do not give rise to a constitutional violation.  Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Wesson v. Oglesby, 910 F.2d 278, 284 (5th Cir. 1990).

Melancon's §1983 claims against Sheriff Gusman are based on meritless legal theories and should be dismissed as frivolous, and otherwise for failure to state a claim for which relief can be granted.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's §1983 claims against the defendants, the New Orleans Police Department and Sheriff Marlin Gusman be dismissed with prejudice as frivolous, and otherwise for failure to state a claim for which relief can be granted, pursuant to 28 U.S.C. §1915(e)(2)(b) and §1915A and 42 U.S.C. §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this <u>17th</u> day of <u>   December   </u>, 2008.

                                                  ALMA L. CHASEZ
                                  UNITED STATES MAGISTRATE JUDGE